IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VICTOR M. GUERRERO, <br>     Plaintiff, <br><br> v. <br><br> ASTHA VINAYAK LLC, <br>     Defendant. | No. 2:24-cv-02619-SHL-atc |

**ORDER GRANTING JOINT MOTION FOR ORDER APPROVING
RESOLUTION OF FLSA CLAIM**

Before the Court is the Parties' Joint Motion for FLSA Settlement Approval & Incorporated Memorandum of Law, filed October 30, 2024. (ECF No. 13.) On September 3, 2024, Plaintiff Victor M. Guerrero brought an individual action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA), against Defendant Astha Vinayak LLC for failure to pay overtime compensation. (ECF No. 1.)

The Parties now seek entry of an order granting their Joint Motion and approving their agreed-upon resolution of the claims in the FLSA action. (ECF No. 13 at PageID 31.) For the following reasons, the Court **GRANTS** the Motion and **APPROVES** the Settlement Agreement.

**BACKGROUND**

In his Complaint, Plaintiff alleges that he regularly worked in excess of the forty-hour work week between approximately late August 2023 and late May/early June 2024. (ECF No. 1 at ¶¶ 9, 11, 13.) Plaintiff worked for Defendant as a "general laborer and maintenance worker" making $10 an hour. (ECF No. 1 at ¶ 9, 11.) He alleges that he regularly worked between forty-five and fifty-five hours a week. (Id. at ¶ 11.) For overtime, Plaintiff contends that Defendant compensated him at an hourly rate of $10 instead of 1.5 times his hourly rate, in violation of the

FLSA.  (Id. at ¶¶ 10, 12.)  Plaintiff estimates that he is owed approximately $1,169.58 in unpaid overtime compensation.  (ECF No. 13 at PageID 30.)  In addition to a loss of wages, Plaintiff alleges that Defendant failed to "make, maintain, and preserve records" of Plaintiff's daily hours worked, including overtime.  (ECF No. 1 at ¶ 16.)  Plaintiff contends that, because of Defendant's conduct, he is also entitled to liquidated damages, equitable relief, and recoverable costs, expenses, and attorneys' fees.  (Id. at PageID 4.)

Defendant responded by filing an answer on October 2, 2024.  (ECF No. 11.)  The Parties then engaged in informal discovery, including time and pay sheets, and arms-length negotiations.  (ECF No. 13-1 at PageID 33.)  The Parties subsequently filed this Joint Motion.  (ECF No. 13.)

According to the attached Settlement Agreement and Release of Claims, Defendant agrees to pay Plaintiff $7,520.56 in settlement of all claims.  (ECF No. 13-1 at ¶ 1.)  Of this amount, $1,169.58 will be paid to Plaintiff as unpaid overtime via a W-2 form (id. at ¶ 2(a)); $1,169.58 will be paid to Plaintiff as liquidated damages via a 1099 form (id. at ¶ 2(b)); and the remaining $5,181.40 will be paid to Donati Law, PLLC for Plaintiff's attorney's fees and costs via a check (id. at ¶ 2(c)).  Plaintiff agrees to be responsible for any tax liability and release his claims.  (Id. at ¶¶ 3, 5.)  He will also not attempt to work for Defendant again.  (Id. at ¶ 6.)

## ANALYSIS

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages.  See 29 U.S.C. § 216(b).  Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for

approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239-JPM-tmp, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

Based on a review of the Parties' submissions, the Court finds that the proposed Settlement, agreed to by both Plaintiff and Defendant, is a partially fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (See ECF Nos. 1, 11.)

Second, the proposed Settlement Agreement is fair and reasonable. Here, after deducting attorney's fees and costs, Plaintiff's gross recovery will be approximately $2,339.16 before taxes. (ECF No. 13-1 at ¶¶ 2(a)-(b).) This amount represents his total claim of $1,169.58 in

unpaid overtime compensation and $1,169.58 in liquidated damages, thus making him whole. The Parties also agree that Plaintiff's counsel will receive $5,181.40, a comparatively large amount. However, given payment of Plaintiff's full claimed amount of damages, the Court defers to the agreement of the Parties on this issue.

Third, as for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Moreover, settlement now will avoid additional expenditures of time and resources. See id.; see also ECF No. 13-1 at PageID 33 ("The Parties have reached an agreement to settle all claims in the Action in order to avoid the burden, expense, and uncertainty of continuing the Action.") The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Plaintiff of a fair result, particularly here where Plaintiff's full claim is being paid. See 29 U.S.C. § 216(b). Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and filing this Joint Motion. Thus, this proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **APPROVES** the Settlement Agreement. Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED,** this 31st day of October, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE